**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No.  10-28882 |
| SK HAND TOOL CORPORATION, | ) | Hon. Eugene R. Wedoff |
| *et al*., [1] | ) | (Joint Administer pending) |
|    Debtors. | ) | |
| | ) | Hearing: July 30, 2010 at 7:30 a.m. |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **Friday, July 30, 2010 at 7:30 a.m.,** or as soon thereafter as may be possible, we shall appear before the **Honorable Judge Eugene R. Wedoff** or any other Judge sitting in his stead, in **Courtroom 744** of the Dirksen Federal Building, 219 South Dearborn, in Chicago, Illinois, and shall then and there present the attached **Motion for Entry of Final Order Authorizing Debtor to (I) Obtain Debtor-in-Possession Financing, (II) Grant Security Interests, (III) Accord Priority Status, (IV) Set Final Hearing and (V) Obtain Related Relief,** and shall move the court for the entry of an order in accordance therewith.

                                           **SK HAND TOOL CORPORATION, TRIAT
                                           INDUSTRIES, INC., and MCC BUSINESS, INC.**


                                           By:    /s/ Colleen E. McManus
                                                        One of their proposed attorneys

Kurt M. Carlson ARDC No. 06236568
Colleen E. McManus ARDC No. 06243473
MUCH SHELIST DENENBERG
      AMENT & RUBENSTEIN, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois  60606
Telephone:  312.521.2000
Email: cmcmanus@muchshelist.com

---

[1] The Debtors consist of SK Hand Tool Corporation (FEIN 36-3255336); MCC Business, Inc. (FEIN 20-4481772); and Triat Industries, Inc. (FEIN 13-3514526).

**CERTIFICATE OF SERVICE**

Colleen E. McManus, an attorney, affirms that on July 9, 2010, she served a copy of the attached Motion with attachments upon those individuals listed on the attached service list by depositing same in the U.S. Mail from 191 N. Wacker Drive, Suite 1800, Chicago, Illinois.


    /s/ Colleen E. McManus

## SK HAND TOOL CORPORATION SERVICE LIST

Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604

SK Hand Tool Corporation
3535 W. 47th Street
Chicago, IL 60632

Mark Robertson
Blackman Kallick
10 S. Riverside Plaza, 9th Floor
Chicago, IL 60606

A.J. Manufacturing Co., Inc.
P.O. Box 92170
Elk Grove Village, IL 60009

Blue Cross Blue Shield of Illinois
P.O. Box 1186
Chicago, IL 60690

Bost Garnache Industries
B.P. 47-83 Pasteur Avenue
39602 Arbois Cedex
France

Central States SE & SW Pension Fund
c/o Anthony E. Napoli
Central States Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL 60018

Consolidated Sales Group, LLC
P.O. Box 1116
Elk Grove, CA 95759

Cook County Treasurer
P.O. Box 4488
Carol Stream, IL 60197

Facom - Morangis
6 rue Gusatve Eiffel
91423 Morangis Cedex
France

Kaiser Cray, Ltd.
Certified Public Accountants
1901 S. Meyers Road, Suite 230
Villa Park, IL 60181

Kapon Enterprise Ltd.
No. 367 Pei Yang Road
Fengyuan City, Taiwan

Kingyear Co., Ltd.
No. 5 Alley 1
Fu Hsin Road
Taiwan

McCourt Marketing Group
1314 Centerview Circle
Akron, OH 44321

Ningbo United Group, Ltd.
No. 31 Guangji Street
Ningbo, Puerto Rico

S&L Marketing
915 Clifton Avenue
Clifton, NJ 07013

SPX Service Solutions
c/o Linda M. Watson
255 S. Old Woodward, 3rd Floor
Birmingham, MI 48009

US Dept. of Labor-Solicitor Office
c/o Elizabeth R. Ashley
881 Fed. Off. Bldg., 1240 E. 9th St
Cleveland, OH 44199

VO Investment, LLC
415 E. North Water Street
Chicago, IL 60611

Waterloo Industries, Inc.
75 Remittace Drive, Suite 1014
Chicago, IL 60675

West 55th Street Investors, LLC
Niscolson Porter & List, Inc.
1300 W. Higgins Road
Park Ridge, IL 60068

Wright Tool Co.
P.O. Box 951798
Cleveland, OH 44193

Rosanne Thomas Matzat
Hahn & Hessen, LLP
488 Madison Avenue
New York, NY 10022

Allen H. Guon
Shaw Gussis Fishman Glantz, et.al.
321 N. Clark Street, Suite 800
Chicago, IL 60654

Michael A. Maricco
Courtney L. Hansen
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, DC 20005-4026

Mayer Silber
Internal Revenue Service
200 W. Adams Street, Suite 2300
Chicago, IL 60606

Cliff Rusnak
1721 W. Erie Street
Chicago, IL 60622

Bruce J. Ruzinsky
D. Elaine Conway
Jackson Walker, L.L.P.
1401 McKinney Street, Suite 1900
Houston, TX 77010

Heather M. Forrest
Jackson Walker, L.L.P.
901 Main Street, Suite 6000
Dallas, TX 75202

Scott R. Anderson
Medco Tools
3201 S. 76th Street
Philadelphia, PA 19153

Mark Berkoff
Nicholas Miller
Neal Gerber & Eisenberg
Two North LaSalle Street, Suite1700
Chicago, IL 60602

David Newby
Coman Andersen
2525 Cabot Drive, Suite 300
Lisle, IL 60532

4

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 10-28882 |
| SK HAND TOOL CORPORATION, | ) | Hon. Eugene R. Wedoff |
| *et al.*,[2] | ) | (Joint admin) |
| Debtors. | ) | Hearing: July 30, 2010 at 7:30 a.m. |

**MOTION FOR ENTRY OF FINAL ORDER AUTHORIZING
DEBTOR TO (I) OBTAIN DEBTOR-IN-POSSESSION FINANCING,
(II) GRANT SECURITY INTERESTS, (III) ACCORD PRIORITY STATUS,
(IV) SET FINAL HEARING AND (V) OBTAIN RELATED RELIEF**

SK Hand Tool Corporation, debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, moves for permission to use obtain debtor-in-possession financing on a final basis, grant security interests, accord priority status and obtain related relief, pursuant to Bankruptcy Code Sections 363, 364(c), Fed. R. Bankr. P. 4001 and Local Bankruptcy Rule 4001-2, as follows:

1.  This Court held a hearing on July 1, 2010 on the Debtor's emergency motion for authority to obtain interim debtor-in-possession financing. Following that hearing and changes to the proposed interim financing order, the Debtor was authorized to obtain DIP financing, and a revised order was entered (the "Interim Order") (docket no. 24).

2.  The Debtor's secured lender, Webster Business Credit, expressly reserved its right to seek certain relief originally agreed to between it and the Debtor in the Debtor's emergency motion for authority to obtain interim DIP financing. Accordingly, the proposed final order (the "Order"), attached hereto, seeks certain relief not afforded to Webster in the Interim Order.

---

[2] The Debtors consist of SK Hand Tool Corporation (FEIN 36-3255336); MCC Business, Inc. (FEIN 20-4481772); and Triat Industries, Inc. (FEIN 13-3514526).

3. The following disclosures of certain terms contained in the Order are made pursuant to Local Bankruptcy Rule 4001-2(A)(2):[3]

    a. **Cross Collateralization Other Than As Adequate Protection:** No.

    b. **Findings Regarding Validity, Perfection Or Amount Of Secured Creditor's Lien Or Debt And Waiver Of Claims Against Secured Creditor:** Paragraphs (g), 1 and 24 of the Order contemplate the Debtors' stipulation regarding the validity, perfection, priority and amount of Webster's prepetition liens and the indebtedness in the approximate amount of $9.1 million. Pursuant to paragraph 25 of the Order, the Committee shall have until September 7, 2010 to commence an adversary proceeding against Webster for the purpose of challenging the validity, extent, priority, perfection and enforceability of Webster's pre-petition liens, mortgages and security interests in the Debtors' assets. In event an adversary proceeding is not timely commenced, all claims challenging the validity, extent, priority, perfection and enforceability of Webster's pre-petition liens, mortgages and security interests in the Debtors' assets shall be barred. See Order at ¶¶ (g), 1, 24 and 25.

    c. **Waiver Of Rights Under Section 506(c):** Yes. See Order at ¶¶ 8-9.

    d. **Liens On Chapter 5 Causes Of Action:** Yes. See Order at ¶ 5(xxxi).

    e. **Immediate Roll-Up Of Prepetition Debt Or Use Of Postpetition Loans To Pay Prepetition Debt (Other Than Under § 552(b)):** No.

    f. **Different Treatment Of Professionals And Limit On Committee's Use Of Carve-Out:** Yes. Pursuant to Paragraph 6(c) of the Order, the portion of the Carve-Out allocable to Committee professionals will be limited to $40,000. Further, pursuant to paragraph 6 of the Order, Webster has no Carve-Out obligations with respect to fees and expenses incurred in connection with any challenge to the validity, extent, priority, perfection and enforceability of the liens, mortgages and security interests granted to Webster by the Debtors prior to the Petition Date. See Order at ¶ 6.

    g. **Priming Of Secured Liens Without Consent:** No. See Order at ¶ 5.

    h. **Declaration Against Imposition Of Lender Liability:** No. But see Paragraph 24 of the Order for limitations on Webster's liability.

    i. **Relief From The Automatic Stay On An Expedited Basis And/Or Without Further Order Of The Court:** Yes. See Order at ¶ 16(b), (e) and ¶ 23.

---

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Order.

2

4. Pursuant to Local Rule 4001-2(A)(3), and to the extent not already described in this Motion, the following is a summary of other essential provisions of the proposed final DIP facility:

### The Maximum Borrowing On An Interim And Final Basis

a. The Debtors request authority to borrow up to $9,250,000 on an interim and final basis. See Order at ¶ 15(g).

### The Interest Rate

b. The Post Petition Obligations shall bear interest the same as under the revolving line of credit in the Pre-Petition Obligations (referenced below and attached as Exhibit A): Base Rate (Prime) + 1.00%, which equals 4.25%.

### Maturity

c. Pursuant to Paragraph 29 of the Order, the financing arrangement shall be in effect for the period commencing with the Petition Date through and including July 31, 2010 (the "Expiration Date") unless otherwise extended from time to time pursuant to a mutually acceptable Budget for such extension periods: (a) as may be agreed to by Webster, Debtors and the Committee, without further order of the Court, or (b) as may be agreed to by Webster and Debtors, and authorized by further order of the Court.

### Events of Default

d. The Order incorporates the definition of "Event of Default" from the Prepetition Agreements and the events specifically identified in Paragraph 15 of the Order.

### Use of Funds Limitations

e. Pursuant to Paragraph 2 of the Order, the Debtors are authorized to use funds advanced under the financing arrangement to fund expenses as set forth in the Budget. Pursuant to paragraph 6 of the Order, Webster "shall have no Carve-Out obligations with respect to fees and expenses incurred in connection with any challenge to (and with respect to the Debtors' Professionals, challenge to and investigation of) the validity, extent, priority, perfection and enforceability of the liens, mortgages and security interests granted to [Webster] by the Debtors prior to the Petition Date." Order, at ¶¶ 2, 6.

### Borrowing Conditions

f. Other than the conditions otherwise stated in this Motion with regard to the conferral of liens, superpriority, and adequate protection pursuant to the Order, Webster has conditioned its postpetition loans to the Debtors upon (i) the continued

3

retention of Blackman Kallick as the Debtors' chief restructuring/financial advisor; (ii) the approval of a § 363 sale process of the Debtor's operating assets according to the following timeline: (x) the sale hearing by July 30, 2010, and (y) the closing of the sale on or before August 2, 2010; (iii) the reaffirmation of existing guaranties of Claude Fuger and Clifford Rusnack to cover the postpetition loans.  See Order at ¶ 15.

### The Budget

g.  The Budget is attached as "Exhibit 1" to the Order.  Paragraph 29 of the Order contemplates that the Budget may be extended from time to time pursuant to a mutually acceptable Budget for such extension periods: (a) as may be agreed to by Webster, Debtors and the Committee, without further order of the Court, or (b) as may be agreed to by Webster and Debtors, and authorized by further order of the Court. Additionally, Paragraph 15(f) of the Order provides that the Debtor's actual cash disbursements may be up to $25,000 more than the cumulative budgeted amount without constituting an Event of Default under the Order.

### §§ 363 and 364 Protections

h.  Pursuant to Paragraphs 4 and 5 of the Order, subject to the Carve-Out, the Post-Petition Obligations (i) will be accorded superpriority administrative expense status with priority over all costs and expenses of administration of the cases incurred under any section of the Bankruptcy Code, and (ii) will be secured by valid and perfected liens under §§ 362, 363(e), and 364(c) for Webster's Post-Petition Claim.  See Order at ¶¶ (i), 4 and 5.

**Factual Background**

5.  On June 29, 2010, the debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6.  The Debtor was founded in Chicago in 1921 as a manufacturer of hand tools and power tools, which it distributes through independent dealers.  It has manufacturing facilities in Chicago and Defiance, Ohio, although Defiance is currently not operating.  In April 2005, the Debtor's new management team created a new company, MCC Business, Inc., which purchased the Debtor's parent company, Strafor Facon, Inc. n/k/a Triat Industries, Inc., and its subsidiary, *i.e.*, the Debtor.

7.  The Debtor has experienced a significant decline in earnings caused by several economic conditions, for example, loss of certain top customers (including government

4

contracts); increasing labor costs; the impact of the recession on industries upon which the Debtor depends for sales, *e.g.*, automotives; and the cost of an under-utilized, leased distribution facility in McCook, Illinois.

8. At the time of this bankruptcy filing, the Debtor owed its secured lender, Webster, approximately $9 million and owed the Pension Benefit Guaranty Corporation approximately $2.5 million pursuant to pension fund contributions it failed to make, which failure resulted in a lien in favor of PBGC.

9. The Debtor seeks to preserve the value of its assets with the goal of conducting an orderly liquidation of its assets in Chapter 11.

10. The Debtor's pre-petition lending relationship with Webster is founded in the Credit And Security Agreement dated April 20, 2005 and related loan documents (attached to the Order at <u>Exhibit A</u>), comprised of (a) a revolving credit loan in the principal maximum amount of up to $9,750,000 and (b) term loans in the aggregate principal amount of $5,182,000. Webster's collateral consists of all of the Debtor's assets, *e.g.*, accounts receivable, intellectual property, real estate.

**Requested Relief**

11. The Debtor requires the use of debtor-in-possession financing on a final basis in order to operate its business and preserve the value of its assets while it negotiates a sale.

12. The Debtor's dire financing situation renders it unable to obtain unsecured credit for the foregoing purposes and, thus, requests the Court to authorize it to obtain a secured loan pursuant to Sections 363 and 364(c). The salient terms of the DIP financing are highlighted above and are detailed in the Order and attached budget.

13.     The Debtor has served this Motion upon (a) the United States Trustee, (b) the attorneys for the Lender, (c) all creditors known to the Debtors who may assert liens against any of the Debtors' assets, (d) the Internal Revenue Service, (e) the United States Attorney; (f) Junior Lenders; (g) the PBGC; (h) the parties appearing on the Debtors' List of 20 Largest Unsecured Creditors; (i) counsel for the Official Committee of Unsecured Creditors; and (j) those parties that have requested special notice pursuant to Fed. R. Bankr. P. 2002.

**WHEREFORE**, the Debtor respectfully requests that this Court:

(i) authorize the Debtor to obtain debtor-in-possession financing on a final basis, grant security interests and accord super-priority administrative expense status according to the terms and conditions in the Order; and

(ii) grant such other and further relief as may be just and proper under the circumstances.

**SK HAND TOOL CORPORATION**

By: /s/ Colleen E. McManus
    One of its proposed attorneys

Kurt M. Carlson ARDC No. 06236568
Colleen E. McManus ARDC No. 06243473
MUCH SHELIST DENENBERG
        AMENT & RUBENSTEIN, P.C.
191 No. Wacker Driver, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Email: cmcmanus@muchshelist.com

6