FILED
NOV 30 2010
EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | |
| **SK HAND TOOL CORPORATION,** *et al.*, | **Case No. 10 B 28882** |
| **Debtors.** | **Chapter 11** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO MUCH SHELIST DENENBERG AMENT & RUBENSTIN, COUNSEL TO DEBTOR-IN-POSSESSION, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | **$29,893.00** | TOTAL COSTS REQUESTED: | **$9,470.46** |
| TOTAL FEES REDUCED: | **$342.85** | TOTAL COSTS REDUCED: | **$00.00** |
| TOTAL FEES ALLOWED: | **$29,550.15** | TOTAL COSTS ALLOWED: | **$9,470.46** |

**TOTAL FEES AND COSTS ALLOWED: $39,020.61**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(2) Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

Dated: November 30, 2010

Eugene R. Wedoff
United States Bankruptcy Judge

MUCH SHELIST

191 North Wacker Drive, Suite 1800
Chicago, IL 60606.1615
T 312.521.2000 F 312.521.2100

FEIN 36-2757501

SK Hand Tool Corporation Chapter 11
c/o Claude Fuger
3535 W 47th St
Chicago, IL 60632

Invoice Number: ******

Invoice Date: **11/01/2010**

Billing Attorney: **William N. Anspach**

Matter Number: **0008597.0010**

10 - Fee Related Matters

**FEES THROUGH OCTOBER 31, 2010**

| Date | Atty. | Description | Hours |
|---|---|---|---|
| 10/07/10 | CEM | Reviewed August time sheets in preparation for next fee petition. | 1.20 |
| 10/12/10 | CEM | Reviewed and revised second interim fee petition. | 0.80 |
| 10/14/10 | CEM | Reviewed September timesheets for inclusion in fee petition. | 0.90 |
| 10/15/10 | CEM | Revised fee petition to include September time. | 0.70 |
| 10/18/10 | CEM | Reviewed and revised second interim fee petition. | 0.80 |
| 10/19/10 | CEM | Finalized second interim fee petition. | 0.50 |
| | | **Total Hours** | **4.90** |
| **Total** | | | **1,837.50** |

5% of total fees requested: 5% x $29,893.00 = $1,494.65.

deduction because of (2) (unreasonable time):
= $1,837.50 − $1,494.65
= $342.85

**PLEASE SEND PAYMENT TO:**
Much Shelist ■ 35335 Eagle Way ■ Chicago, IL 60678.1353

Payment due within 30 days of invoice