**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 10-28882 |
| SK HAND TOOL CORPORATION, | ) | Hon. Eugene R. Wedoff |
| *et al.*, [1] | ) | (Jointly Administered) |
|     Debtors. | ) | |
| | ) | Hearing: Wed., Dec. 15, 2010 at 10:00 a.m. |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **Wednesday, December 15, 2010 at 10:00 a.m.,** or as soon thereafter as may be possible, we shall appear before the **Honorable Judge Eugene R. Wedoff** or any other Judge sitting in his stead, in **Courtroom 744** of the Dirksen Federal Building, 219 South Dearborn, in Chicago, Illinois, and shall then and there present the attached **Motion of the Debtors for (I) an Order (a) Establishing Bidding Procedures for the Sale of Real Estate; (b) Setting Final Sale Hearing Date and (c) Approving Form of Notices; and (II) an Order Authorizing Sale of Real Estate Free and Clear of Liens, Claims, Interests and Encumbrances,** and shall move the court for the entry of an order in accordance therewith.

**SK HAND TOOL CORPORATION, et.al.**

By:   /s/ Colleen E. McManus
         One of Its Attorneys

Kurt M. Carlson ARDC No. 06236568
Colleen E. McManus ARDC No. 06243473
MUCH SHELIST DENENBERG
        AMENT & RUBENSTEIN, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois  60606
Telephone:  312.521.2000
Email: cmcmanus@muchshelist.com

---

[1] The Debtors consist of SK Hand Tool Corporation (FEIN 36-3255336); MCC Business, Inc. (FEIN 20-4481772); and Triat Industries, Inc. (FEIN 13-3514526).

**CERTIFICATE OF SERVICE**

Colleen E. McManus, an attorney, affirms that on December 10, 2010, she served a copy of the attached Motion with attachments upon those individuals listed on the attached service list via overnight and/or messenger delivery from 191 N. Wacker Drive, Suite 1800, Chicago, Illinois.

                                          /s/ Colleen E. McManus

## SK HAND TOOL CORPORATION SERVICE LIST

Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604

SK Hand Tool Corporation
3535 W. 47th Street
Chicago, IL 60632

Mark Robertson
Blackman Kallick
10 S. Riverside Plaza, 9th Floor
Chicago, IL 60606

A.J. Manufacturing Co., Inc.
P.O. Box 92170
Elk Grove Village, IL 60009

Blue Cross Blue Shield of Illinois
P.O. Box 1186
Chicago, IL 60690

Bost Garnache Industries
B.P. 47-83 Pasteur Avenue
39602 Arbois Cedex
France

Central States SE & SW Pension Fund
c/o Anthony E. Napoli
Central States Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL 60018

Consolidated Sales Group, LLC
P.O. Box 1116
Elk Grove, CA 95759

Cook County Treasurer
P.O. Box 4488
Carol Stream, IL 60197

Facom – Morangis
6 rue Gusatve Eiffel
91423 Morangis Cedex
France

Kaiser Cray, Ltd.
Certified Public Accountants
1901 S. Meyers Road, Suite 230
Villa Park, IL 60181

Kapon Enterprise Ltd.
No. 367 Pei Yang Road
Fengyuan City, Taiwan

Kingyear Co., Ltd.
No. 5 Alley 1
Fu Hsin Road
Taiwan

McCourt Marketing Group
1314 Centerview Circle
Akron, OH 44321

Ningbo United Group, Ltd.
No. 31 Guangji Street
Ningbo, Puerto Rico

S&L Marketing
915 Clifton Avenue
Clifton, NJ 07013

SPX Service Solutions
c/o Linda M. Watson
255 S. Old Woodward, 3rd Floor
Birmingham, MI 48009

US Dept. of Labor-Solicitor Office
c/o Elizabeth R. Ashley
881 Fed. Off. Bldg., 1240 E. 9th St
Cleveland, OH 44199

VO Investment, LLC
415 E. North Water Street
Chicago, IL 60611

Waterloo Industries, Inc.
75 Remittace Drive, Suite 1014
Chicago, IL 60675

Wright Tool Co.
P.O. Box 951798
Cleveland, OH 44193

Rosanne Thomas Matzat
Hahn & Hessen, LLP
488 Madison Avenue
New York, NY 10022

Allen H. Guon
Shaw Gussis Fishman Glantz, et.al.
321 N. Clark Street, Suite 800
Chicago, IL 60654

Michael A. Maricco
Courtney L. Hansen
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, DC 20005-4026

Mayer Silber
Internal Revenue Service
200 W. Adams Street, Suite 2300
Chicago, IL 60606

Cliff Rusnak
1721 W. Erie Street
Chicago, IL 60622


Jason H. Rock
Barrick Switzer Long Balsley
        & Van Evera, LLP
6833 Stalter Drive
Rockford, IL 61108

Heather M. Forrest
Jackson Walker, L.L.P.
901 Main Street, Suite 6000
Dallas, TX 75202

Scott R. Andersen
Medco Tools
3201 S. 76th Street
Philadelphia, PA 19153

Mark Berkoff
Nicholas Miller
Neal Gerber & Eisenberg
Two North LaSalle Street, Suite1700
Chicago, IL 60602

David Newby
Coman Anderson
2525 Cabot Drive, Suite 300
Lisle, IL 60532

Donnie Von Moore
Teamsters Local No. 743
4620 S. Tripp Avenue
Chicago, IL 60632

IAMAW
9315 Middlebelt Road
Romulus, MI 48174
Attention:  Mark Ward

Iron Mountain Information Mgt., Inc.
c/o Frank F. McGinn, Esq.
Bartlett Hackett Feinberg, P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Edwards Engineering
1000 Touhy Avenue
Attention:  Bruce Brazes
Elk Grove Village, IL 60007

David J. Claus
Lange, DeVine & Claus, LLC
174 S. Washington Street
Tiffin, OH 44883

Beverly H. Shideler
IBM
Two Lincoln Centre
Oakbrook Terrace, IL 60618

Sara J. Geenen
Previant, Goldberg, Uelmen, Gratz
Miller & Brueggeman, S.C.
1555 N. River Center Drive, Suite 202
Milwaukee, WI 53212

Robert Greenberg
Asher Gittler Greenfield & D'Alba, Ltd.
200 W. Jackson Boulevard, Suite 1900
Chicago, IL 60606

PETER N. WEIL & ASSOCIATES
175 OLDE HALF DAY ROAD
SUITE 134
LINCOLNSHIRE, IL 60069

Vern Schultz
Colliers Bennett & Kahnweiler, Inc.
6250 N. River Road
Rosemont, IL 60018

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 10-28882 |
| SK HAND TOOL CORPORATION, | ) | Hon. Eugene R. Wedoff |
| *et al*.,[2] | ) | (Joint admin) |
| Debtors. | ) | Hearing: Wed., Dec. 15, 2010 at 10:00 a.m. |

**MOTION OF THE DEBTORS FOR (I) AN ORDER (A) ESTABLISHING BIDDING PROCEDURES FOR THE SALE OF REAL ESTATE; (B) SETTING FINAL SALE HEARING DATE AND (C) APPROVING FORM OF NOTICES; AND (II) AN ORDER AUTHORIZING SALE OF REAL ESTATE FREE AND CLEAR OF <u>LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES</u>**

The above-captioned debtor and debtor-in-possession (the "Debtor") filed this motion pursuant to Bankruptcy Code Sections 105 and 363 and Fed. R. Bankr. P. 2002 and 6004 for entry of (i) an order, substantially in the form attached hereto (a) establishing bidding procedures for the sale of real estate; (b) setting a final sale hearing date; and (c) approving the form of notices thereof; and (ii) an order, substantially in the form attached hereto authorizing the sale of real estate free and clear of liens, claims, interests and encumbrances.

<u>Background Facts</u>

1. On June 29, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. At the time of this bankruptcy filing, the Debtor owed its senior secured lender, Webster Business Credit ("Webster"), approximately $9 million and owed the Pension Benefit Guaranty Corporation approximately $2.5 million pursuant to pension fund contributions it failed to make, which failure resulted in a lien in favor of PBGC.

---

[2] The Debtors consist of SK Hand Tool Corporation (FEIN 36-3255336); MCC Business, Inc. (FEIN 20-4481772); and Triat Industries, Inc. (FEIN 13-3514526).

3. By order dated August 6, 2010, this court approved the Debtors' sale of its business assets (*e.g.*, intellectual property, inventory, equipment), which sale closed on August 25, 2010.

4. By this motion, co-debtor SK seeks approval of a stalking horse contract and bidding procedures necessary to maximizing a sale of its real estate, located at 3535 West 47th Street, Chicago, Illinois ("the Property") free of liens, claims, interests and encumbrances.

Exigent Circumstances and Marketing

5. As of the date of this motion, the Debtors have limited DIP financing available from Webster through December 31, 2010. The Property is vacant with minimal security and, with winter approaching, the Debtors' expenses will rise sharply, especially the cost to heat the Property.

6. Since early September 2010, when this Court approved SK's employment of Vern Schultz of Colliers as real estate broker, the broker has heavily marketed and advertised the Property, *e.g.*, via the internet as well as in the *Chicago Tribune*, *Wall Street Journal* and *Crain's Chicago Business*, and has walked multiple interested parties through the Property.

7. SK has received only one letter of intent[3] and has entered into an agreement (the "Contract") with that offeror, **Edward J. and Susan C. Ciolkosz** (together, the "Buyer"). A copy of the Contract is attached as Exhibit A.

8. SK submits that, given its short-term DIP financing in place on a shoestring budget, liquidity situation, continued depression of the commercial real estate market and upcoming winter weather, an expeditious sale of the Property is in the best interests of this estate.

---

[3] Prior to employment of the broker, SK received a couple of oral offers of no more than $300,000 for the Property.

2

Proposed Sale

9. The salient terms of the Contract are:

**Purchase Price**: $1,050,000 for the Property (no financing contingency). Buyer shall tender an earnest money deposit in the amount of $100,000.00, which SK will hold in an escrow account.

**Due Diligence**: The Contract is subject to a 45-day due diligence period and delivery of clean Phase I and Phase II environmental studies.

**Sale Free and Clear**: The Property shall be purchased free and clear of all liens, claims, interests and encumbrances.

Proposed Bidding Procedures

10. SK proposes the following Bidding Procedures as being best designed to maximize the value of the Property.

   a. **Assets to be Sold**. SK is offering the Property for sale.

   b. **As Is, Where Is**. The sale of the Property shall be on an "as is, where is" basis without representations or warranties of any kind except to the extent set forth in the Contract. The Property shall be sold free and clear of any liens, claims, interests and encumbrances pursuant to Section 363, with all liens, claims, interests and encumbrances to attach to the proceeds of the sale.

   c. **Qualifying Bid**. SK requires, as a precondition to participation in the Auction (defined below):

      (i) the submission of a competing bid for the Property no later than 5:00 p.m. Central Standard Time on or before **January 5, 2011** (a "**Qualifying Bid**");

      (ii) each Qualifying Bid must be submitted in writing to counsel for the Debtor, c/o Colleen E. McManus, Much Shelist, 191 North Wacker Drive, Suite 1800, Chicago, Illinois 60606 via overnight mail, facsimile (312-521-2595), or electronic mail (cmcmanus@muchshelist.com). Counsel for the Debtor shall immediately distribute copies of all Qualifying Bids to (1) counsel for the Buyer, c/o Peter Weil, Esq.; (2) counsel for Webster, c/o Rosanne Matzat of Hahn & Hessen and Allen Guon of Shaw Gussis; (3) Vern Schultz of Colliers (real estate brokers); and (4) counsel for the Creditors' Committee, c/o Nicholas Miller; and (5) counsel for the PBGC, c/o Michael Maricco.

3

(iii)    each Qualifying Bid shall be accompanied by:

(1) an earnest money deposit by wire transfer, certified or cashier's check, in the amount of $100,000.00;

(2) an executed asset purchase agreement substantially in the form of the Contract along with a red-line marked against the Contract; and

(3) written evidence of a commitment for financing or other evidence of the party's ability to consummate the transaction and payment of the purchase price in cash at the Closing.

Each Qualifying Bid shall be irrevocable until the earlier of (i) the closing sale of the Property, or (ii) the withdrawal of the Property for sale by SK.

d.    **Bid Protection**.  SK requires that (x) any initial bid at the Auction be higher and better than the offer of Buyer with a cash payment at closing that is not less than $1,115,000; and (y) any subsequent bid at the Auction (a "**Competing Bid**") be at least $15,000 greater than the preceding bid.

e.    **Break-Up Fee**.  The Buyer shall be entitled to a break-up fee in the amount of $50,000 (the "**Break-Up Fee**") in the event that either (x) the Bankruptcy Court fails to approve a sale to Buyer as provided herein and instead approves a sale of some or all of the Property to any entity that has submitted a Competing Bid at the Auction and such sale closes, or (y) Webster credit bids with respect to, or forecloses on, the Property.

The Break-Up Fee shall be entitled to administrative priority under Section 364(c)(1) of the Bankruptcy Code and shall constitute a surcharge under Section 506(c) of the Bankruptcy Code on any interest of SK in the Property which is subject to any lien, security interest or other encumbrance.

f.    **Auction**.  If SK receives a Qualifying Bid, SK shall conduct an auction (the "Auction") at the offices of Much Shelist, 191 North Wacker Drive, Suite 1800, Chicago, Illinois 60606 on **January 7, 2011 at 2:00 p.m**. (central time).  SK shall notify all Qualified Bidders of the Auction.  SK may adopt rules for the Auction that, in its business judgment, will promote the goals of the bidding process and that are not inconsistent with the Bidding Procedures, the Contract, the Bankruptcy Code or any order of this Court.  Following the Auction, SK shall review the Qualifying Bids and, in consultation with Webster, identify the highest and best bid as the "Successful Bid."  SK shall present the Successful Bid to the Court at the Sale Hearing.

g.    **Return of Deposits**.  The earnest money deposit of a Qualifying Bid shall be returned within three (3) business days of the earlier of (i) the closing of the sale and (ii) 30 days after the Sale Hearing.  In the event that the holder of the Successful Bid defaults in the performance of its obligation to purchase the Property pursuant to the Successful Bid, that

4

person's earnest money deposit shall be forfeited and shall be immediately transferred to SK. Notwithstanding the foregoing, such forfeiture shall not be in full satisfaction of any damages caused to any person by the default as described herein.

Notice Procedures

11.     SK proposes to serve a notice, in the form attached hereto as <u>Exhibit B</u>, within three (3) business days following entry of an order approving the Bidding Procedures (draft Bidding Procedures Order attached hereto as <u>Exhibit C</u>), of:

*   the Order approving the Bidding Procedures,

*   the Bidding Procedures,

*   the time and place of the Auction,

*   the deadline of **January 10, 2011** for filing objections to the proposed sale, and

*   the Sale Hearing on **January 12, 2011** at 10:00 a.m.

12.     The notice shall be served upon: (a) the U.S. Trustee; (b) the master service list in this case; (c) counsel to Webster Business Credit; (d) counsel to the PBGC; (e) counsel to the creditors' committee; (f) counsel to the Buyer; (g) the Internal Revenue Service; (h) all parties known to have expressed an interest in buying the Property; (i) all parties asserting a lien against the Property; and (j) all other parties entitled to, or requesting, notice in this case.

Request to set Sale Hearing

13.     SK would like to present the Successful Bid for approval by the Court on **January 12, 2011** at 10:00 a.m. (central time).

14.     SK intends to seek entry of the Sale Order (attached as <u>Exhibit D</u>) at the sale hearing.

5

Legal Authority

**Business Judgment Standard:**

15. This Court's power to authorize a sale under 11 U.S.C. § 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case by case approach. *In re Baldwin United Corp.*, 43 B.R. 905 (Bankr. S.D. Ohio 1984). The key consideration is this Court's finding that a good business reason exists for the sale. *In re Schipper*, 933 F.2d 513 (7th Cir. 1991); *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *In re Lionel Corporation*, 722 F.2e 1063, 1070-71 (2nd Cir. 1983).

16. SK believes a prompt sale of the Property, pursuant to Section 363(b), to the Buyer or a Successful Bidder is the best and most viable option available to SK's estate to maximize value of the Property.

17. SK has reason to be concerned that: (a) the value of the Property is not appreciating while vacant and with winter approaching, and may deteriorate if the proposed sale process is delayed, and (b) expenses relating to utilities and security of the Property. Webster shares these concerns.

**Bidding Procedures & Break-Up Fee:**

18. To maximize the probability that SK obtains the greatest return for the Property, SK requests approval of the Bidding Procedures. The procedures allow for a transparent, flexible process to achieve the highest return. SK reserves the right to modify the Bidding Procedures if necessary, in its business judgment, to maximize value at the Auction provided that such modifications are not inconsistent with the terms of the Contract. Maximization of proceeds received by this estate is the dominant goal of the sale, as it should be. *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147

B.R. 650, 659 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (debtor's duty with respect to sales it to obtain highest price or greatest overall benefit for estate).

19. In furtherance of maximizing value received by the estate, bankruptcy courts typically find that use of bid procedures is appropriate. SK submits that, here, the Bidding Procedures establish an appropriate process to identify, select and solicit bids and determine which bid is the highest or best bid.

20. A break-up fee is considered necessary to compensate a stalking horse bidder for its time, effort and expense in seeking to consummate a sale and in driving up the price for the purchased assets. *See e.g., In re Hupp Indus, Inc*., 140 B.R. 191, 194 (Bankr. N.D. Ohio 1992) ("without such fees, bidders would be reluctant to make an initial bid for fear that their first bid will be shopped around for a higher bid from another bidder who would capitalize on the initial's bidder…due diligence").

21. The Break-Up Fee of $50,000 is approximately 4.7% of the Buyer's Purchase Price and, thus, is fair and reasonably calculated to produce the highest and best offers for the Property. Earlier in this case, this Court approved a break-up fee of slightly less than 4% for a stalking horse's offer to buy the Debtors' business assets. This time, SK has received only one letter of intent after shopping the Property for two months.

22. The Break-Up Fee shall be entitled to an administrative priority under Section 364(c)(1) of the Bankruptcy Code and shall constitute a surcharge under Section 506(c) of the Bankruptcy Code on any interest of SK in the Property which is subject to any lien, security interest or other encumbrance.

23. Moreover, the Bidding Procedures require that an initial bid at the Auction have an overbid in the amount of $15,000 above the Buyer's purchase price, with bidding increments

of $15,000 thereafter. This mechanism ensures that SK is compensated for foregoing a known, willing purchaser in the Buyer for a new, unknown potential buyer. It also ensures that there is a real increase in proceeds to the estate after deducting the Break-Up Fee (including the expense reimbursement) should the Buyer not be the Successful Bidder.

**Sale Free and Clear:**

24. Section 363(f) permits a sale of assets free and clear of liens, claims, interests and encumbrances. A sale free and clear is necessary to effectuate the transaction proposed here. Obviously, if the sale were subject to liens, claims, interests and encumbrances, the purchase price would be substantially lower (Webster alone is still owed more than $1 million with a mortgage on the Property).

25. Accordingly, the Sale Order provides that liens, claims, interests and encumbrances shall attach to the sale proceeds in the same validity and priority that they had prior to the sale. In light of this factor, SK submits that a sale free and clear of liens, claims, interests and encumbrances is appropriate here.

26. In sum, SK submits that the relief requested above is in the best interests of this estate and best designed to maximize the value of the Property.

**WHEREFORE**, for the foregoing reasons, SK prays for the entry of an order: (a) granting this motion; (b) entering the Bidding Procedures Order, which approves the Bidding Procedures and the form of the notice of Auction; (c) setting a final hearing date for this sale; and

(d) awarding such other relief as the Court deems just and proper.

           **SK HAND TOOL CORPORATION**

           By: /s/ Colleen E. McManus
             One of its attorneys

Kurt M. Carlson ARDC No. 06236568
Colleen E. McManus ARDC No. 06243473
MUCH SHELIST DENENBERG
   AMENT & RUBENSTEIN, P.C.
191 No. Wacker Driver, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Email: cmcmanus@muchshelist.com

9